**Darrel A. MILES, Petitioner–Appellant,**

v.

**Ernest C. ROE, Warden; Bill Lockyer, Attorney General, Respondents–Appellees.**

No. 02–55601.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 9, 2006.

Filed Oct. 6, 2006.

Tina Long Rippy, Esq., Whittier, CA, for Petitioner–Appellant.

Darrel A. Miles, Soledad, CA, April S. Rylaarsdam, Los Angeles, CA, for Respondents–Appellees.

Before: SCHROEDER, Chief Circuit Judge, LEAVY, Circuit Judge, and SEDWICK *, District Judge.

MEMORANDUM **

California state prisoner Darrel A. Miles appeals the district court's denial of his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, as limited by 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Miles was convicted of first degree murder in violation of California Penal Code § 187(a), second degree burglary in violation of California Penal Code § 459, and two counts of second degree robbery in violation of California Penal Code § 211. He challenges the first conviction on the grounds of insufficient evidence and substantive due process. He challenges all convictions on the ground that the prosecutor's use of peremptory challenges violated the Equal Protection Clause. Miles

also argues that his sentence of 25 years to life violates the Eighth Amendment.

This court reviews de novo a district court's denial of a habeas petition. *Medina v. Hornung,* 386 F.3d 872, 876 (9th Cir.2004). The Antiterrorism & Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 104, 110 Stat. 1214, 1218–19, governs this court's review of the state court's decision. "Under AEDPA, [this court] may only disturb a state court's determinations of law if they were 'contrary to' or 'involved an unreasonable application of' clearly established federal law as determined by the United States Supreme Court." *Wade v. Terhune,* 202 F.3d 1190, 1194–95 (9th Cir.2000) (citations omitted). In applying these standards, we look to the "last reasoned decision" in the state court system, here, the opinion of the California Court of Appeal. *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

**A. Sufficiency of the Evidence**

The California court's determination that the evidence was sufficient to sustain Miles' conviction of felony murder was not an unreasonable application of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) to the facts of this case. *Juan H. v. Allen,* 408 F.3d 1262, 1275 (9th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1145, 163 L.Ed.2d 1000 (2006). The evidence presented at trial to show that co-defendant Young aided and abetted the robbery included his possession of written directions to the bank, his proximity to the bank in a vehicle immediately after the robbery, and his high-speed flight from the police in his vehicle. The evidence presented also

---

* The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

showed that the homicide occurred while Young was still attempting to elude the police and that Miles had not reached a place of temporary safety before Young struck another car, killing its driver. Thus, a rational trier of fact could have found both the essential elements of felony murder under California law and that Young aided and abetted the predicate felonies of robbery and burglary.

## B. Substantive Due Process

■ The California Court of Appeal's denial of Miles' substantive due process claim was not an unreasonable application of federal law. Application of the felony murder statute here was rationally related to a legitimate government interest, deterring felons by holding them strictly responsible for any killings which result from their crimes.

## C. Jury Selection

Miles asserts that the prosecutor exercised peremptory challenges to exclude an African–American prospective juror and an African–American prospective alternate juror in violation of the Equal Protection Clause, and that the state court erred in finding that Miles had not established discrimination under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We analyze a *Batson* objection in three familiar steps: 1) the defendant must make a prima facie showing that a peremptory challenge was exercised based on race; 2) the prosecutor must then offer race-neutral reasons for striking the juror; and 3) the trial court must determine whether the defendant has shown purposeful discrimination. *Miller–El v. Cockrell*, 537 U.S. 322, 328–29, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). The ultimate burden is on the defendant to prove purposeful discrimination. *Purkett v. Elem*, 514 U.S.

765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995).

### 1. The Prospective Juror

Miles asserts that the trial court erred when it held that Miles had not established a prima facie case of discrimination when he objected to the prosecutor's challenge of a prospective African–American juror. A defendant satisfies the requirements of *Batson's* first step "by producing evidence sufficient to permit the trial judge to draw an inference that discrimination has occurred." *Johnson v. California*, 545 U.S. 162, 125 S.Ct. 2410, 2417, 162 L.Ed.2d 129 (2005). Miles is African–American and the peremptory at issue was exercised against an African–American. Thus, the key question is whether Miles has shown sufficient facts and circumstances to "raise an inference" of exclusion on the basis of race. *Batson*, 476 U.S. at 96, 106 S.Ct. 1712.

Because the California Court of Appeal used the "strong likelihood" standard when it determined that Miles had not established a prima facie case, the state court's finding is not entitled to deference and our review is de novo. *Williams v. Runnels*, 432 F.3d 1102, 1105 (9th Cir. 2006). We determine whether the defendant has made out a prima facia case "by showing that the totality of the relevant facts gives rise to an inference of discriminatory purpose." *Batson*, 476 U.S. at 93–94, 106 S.Ct. 1712.

At the time Miles objected to the challenge of the prospective juror, Miles argued that he had established a prima facie case because the prospective juror was an African–American and "there was nothing in the voir dire that would indicate a prosecution or law enforcement bias." The trial court indicated that he could see a "couple of reasons" why this prospective juror would be excused and held there was no prima facie showing.

Another relevant circumstance we consider in determining whether the defendant has made a prima facie case is any statistical disparity in the exercise of peremptories. *Williams,* 432 F.3d at 1108. In this case "the sample is so small that the statistical significance of the percentages is limited" because there were only four African–Americans in the jury pool. *Wade v. Terhune,* 202 F.3d 1190, 1198 (9th Cir.2000). At the time the prospective African–American juror was struck, one other African–American had already been seated on the jury. The prosecutor had previously exercised three peremptory challenges to excuse venire persons who were not African–Americans. Thus, at the time of the exercise of the peremptory and the objection, when the trial court ruled that Miles had failed to establish a prima facie case, there was no statistical inference of discrimination.

Because the time of the challenge is not "the only relevant time at which to assess the prima facie case," we also consider the statistical picture at the close of jury selection. *Id.* Two of the prospective alternates were African–Americans, one was seated as an alternate and the other was struck by the prosecutor. The record does not tell us how many alternates there were, nor whether any alternate ultimately participated as a juror. The prosecutor had exercised a total of eight peremptory challenges, of which two were against African–Americans and six were against non-African-Americans. Thus, at the conclusion of jury selection, 50% of the African–Americans had been stricken. This statistical disparity is insufficient to give rise to an inference of discrimination, particularly considering the lack of statistical disparity at the time of the challenge to the prospective juror.

█ Even though a comparative juror argument was not made in the trial court, it was advanced on direct appeal, and we consider the comparison a relevant circumstance. *Boyd v. Newland,* 455 F.3d 897, 904 (9th Cir.2006). Miles asserts that the prospective juror shared the characteristic of a family member in law enforcement with three empaneled jurors, and that he also shared the characteristics of single marital status and no prior jury experience with many of the jurors. The only other information in the record concerning the prospective juror is his employment with a security company doing pre-board screening at the airport. Absent more, this comparative information provides little circumstantial evidence of prosecutorial intent to discriminate against the prospective juror on account of his race. Moreover, "[t]he fact that the prosecutor did not attempt to remove all the African–American jurors weighs against [a prima facie case], but is not dispositive." *Turner v. Marshall,* 63 F.3d 807, 813 (9th Cir.1995), *overruled on other grounds by Tolbert v. Page,* 182 F.3d 677, 681 (9th Cir.1999) (en banc).

In sum, the trial court did not err when it ruled that Miles had not established a prima facie case of discrimination as to the prospective juror.

### 2. The Prospective Alternate Juror

█ The trial court proceeded to the second step of the *Batson* analysis with respect to the prospective alternative juror because prosecutor gave a race-neutral reason for her exclusion: her husband's employment in a group home with delinquent juveniles. See *Sims v. Brown,* 425 F.3d 560, 575 (9th Cir.2005) (prosecutor's reason need not be persuasive, if race neutral). The trial court accepted the prosecutor's reason as race-neutral.

Now, using comparative juror analysis, Miles argues that the reason was pretextual because the prosecutor's reason applies just as well to Juror No. 11 who had

worked for a youth agency, dealt frequently with law enforcement agencies, and expressed her views that "kids" don't get a fair trial. "If a prosecutor's proffered reason for striking a black panelist applies just as well to an otherwise similar non-black who is permitted to serve, that is evidence tending to prove discrimination to be considered at Batson's third step." *Miller–El v. Dretke,* 545 U.S. 231, 125 S.Ct. 2317, 2325, 162 L.Ed.2d 196 (2005). In *Miller–El* the record established the use of peremptory challenges to exclude 91% of the prospective African–American jurors, the shuffling of the jury to put white jurors ahead of black jurors, and the prosecutor's disparate questioning of potential jurors based on race. By contrast, aside from his asserted comparative analysis, Miles offers no direct or circumstantial evidence of discrimination. Therefore, the trial court did not err in finding that Miles had not carried his burden of establishing purposeful discrimination as to the prospective alternate juror.

### D. Eighth Amendment

The California Court of Appeal's rejection of Miles Eighth Amendment claims was not an unreasonable application of federal law. The Supreme Court has held that no term of imprisonment for the crime of felony murder is disproportionate to the offense. *Solem v. Helm,* 463 U.S. 277, 290 n. 15, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

AFFIRMED.